UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Crim. No. 05-70-P-S |
| GARY BROWN | ) |
| | ) |
| | ) |

**RECOMMENDED DECISION ON MOTION FOR A NEW TRIAL**

Gary Brown is serving a life sentence after being convicted on federal narcotics charges. Brown has already filed a 28 U.S.C. § 2255 motion containing three grounds, all of which center on the testimony of Maine Drug Enforcement Agent Cashman at Brown's suppression hearing concerning the agent's interactions with a confidential informant (CI) who assisted the authorities vis-à-vis Brown's arrest. On June 8, 2009, I recommend that the Court deny Brown 28 U.S.C. § 2255 relief. As part of that opinion I rejected a claim by Brown based on new evidence vis-à-vis the testimony of the MDEA Agent Cashman. Brown's § 2255 new evidence theory included the factual premise that the CI conceded to Brown's investigator that he purposefully contaminated the vehicle subject to the search with drug residue so that the drug sniffing dogs would be alerted. Cashman knew of the CI's planting prior to his testimony at the suppression hearing.[1]

---

[1] In his reply memorandum in the § 2255 proceeding Brown revisited this contention arguing that the United States' assertion that the sniffing dogs alerted to the two bags placed into the truck by Brown before it alerted to the glove compartment by insisting that it would have demonstrated that the CI acted in an illegal manner. (Reply Mem. at 11-12, Civ. No. 08-403.) He opined that it "goes beyond comprehension to think that a Magistrate would allow such a practice to stand." (Id. at 12; see also id. at 14-15.) In Brown's view, the admission by the CI that he planted the drugs in the truck was too troublesome to be overlooked or ignored. (Id. at 15.)

Brown now presents the Court with a motion for a new trial based on newly discovered evidence. (Doc. No. 122.) In this motion he states that the CI admitted to Brown's investigator that he had intentionally planted a small baggie because he was feeling pressure from MDEA agent, Cashman. (Mot. New Trial at 1.) He indicates: All the "newly discovered evidence" relates directly to his suppression hearing. (Id. at 2.) What is more, Brown concedes that he raised this same issue in his 28 U.S.C. § 2255 motion. (Id. at 8.) He takes the United States to task for its argument in that proceeding that the CI's admission of planting the bag would have been irrelevant in the suppression hearing, contending that the act of the CI assured that there would be a reaction from the drug-sniffing dog. (Id.) Brown might have a stronger argument if the only drugs that the drug-sniffing dog did alert to were those allegedly planted but there just is no question that the dog alerted to the bag that Brown brought into the truck after he got off the bus. Brown thinks that the Court should re-evaluate the propriety of denying the motion to suppress because of the illegal activity of the CI irrespective of whether or not the dog would have alerted to the black bag nevertheless. (Id. at 9-10.)

> It is the petitioner's strong contention that had the Magistrate, and the U.S. District Judge that presided over my trial, been privy to the newly discovered evidence, their decision to deny my motion for suppression may have been swayed away from the Government, in light of the illegal action of the informant, that resulted in the Fourth Amendment violations.

(Id. at 10.) Brown wants the opportunity to revisit Cashman's story because he finds the details very suspicious, overly convenient, too good to be true. (See id. at 10-16.) He believes that "when Cashman's tale of the events that he alleged took place on July[] 7[], 2005, are closely analyzed it becomes painfully obvious that the story Cashman told about the July[] 7[] 'surveillance' was fabricated for the sole purpose of defrauding the Court into believing that

Cashman's information on July [] 29, 2005, was provided by a trustworthy, "proven reliable" informant…." (Id. at 20-21.)

In my recommended decision on Brown's 28 U.S.C. § 2255 motion I summarized Magistrate Judge Cohen's discussion of Brown's challenge to Agent Cashman's reliance on the CI in his recommend decision on the motion to suppress and the First Circuit Court of Appeal's discussion of Brown's challenge to law enforcement's reliance on the CI.  See Brown v. United States, Civ. No. 08-403-P-S, Crim. No. 05-70-P-S, 2009 WL 1609024, 3- 7 (D. Me. June 8, 2009) (recommended decision); see also United States v. Brown, 500 F.3d  48, 54 -56 (1st Cir. 2007);  United States v. Brown,  Crim. No. 05-70-B-S, 2006 WL 149031, 5 (D.Me. Jan. 17, 2006) (recommended decision, aff'd, 2006 WL 348318 (D. Me. Feb. 14, 2006).   After analyzing Brown's related ineffective assistance of counsel claims, I addressed Brown's denial of due process claim based on his newly discovered evidence contention:

> The United States is willing to assume for purposes of this proceeding that the standard for a motion for a new trial based on newly discovered evidence would apply to this type of claim brought in a 28 U.S.C. § 2255 proceeding. In United States v. Wright, the First Circuit summarized:
>> A motion for new trial on the basis of newly discovered evidence will ordinarily not be granted unless the moving party can demonstrate that: (1) the evidence was unknown or unavailable to the defendant at the time of trial; (2) failure to learn of the evidence was not due to lack of diligence by the defendant; *(3) the evidence is material, and not merely cumulative or impeaching;* and (4) it will probably result in an acquittal upon retrial of the defendant. See Pelegrina v. United States, 601 F.2d 18, 20-21 (1st Cir.1979); In re United States, 565 F.2d 173, 177 (1st Cir .1977); Johnson v. United States, 32 F.2d 127, 129 (8th Cir.1929); C. Wright & A. Miller, Federal Practice and Procedure [ § ] 557 at 515 (1969).
> 625 F.2d 1017, 1019 (1st Cir.1980) (emphasis added). United States v. Connolly, 504 F.3d 206, 213 (1st Cir.2007) ("[T] he Wright test categorically discounts 'merely impeaching' evidence as immaterial.')(citing Wright, 625 F.2d at 1019). Brown's new evidence is merely impeaching of Cashman and, as indicated above, this Court has already made the determination at trial that it was not admissible even for that purpose. It is also safe to say that if Brown was granted a new suppression hearing or trial in which to present this evidence, there is no

3

probability, actual or reasonable, that the introduction of the evidence would have led to a different result. See Connolly, 504 F.3d at 212-13.

(Id. at 5)(footnote omitted).  I stand by this recommendation.

## *Conclusion*

For the reasons set forth above, I recommend that the Court deny Brown's motion for a new trial.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 29, 2009                                          /s/Margaret J. Kravchuk
                                                       U.S. Magistrate Judge